### WADKINS v. STATE. (8 Div. 407.)

(Court of Appeals of Alabama. June 15, 1926. Rehearing Denied Aug. 31, 1926.)

**Intoxicating liquors ⚖═236(4).**

Evidence *held* to warrant finding that accused had possession of automobile in which whisky was found.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Lewis Wadkins was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Wadkins v. State, 109 So. 845.

O. M. Raines, of Scottsboro, for appellant.

The state must establish every material ingredient of the offense charged by evidence beyond a reasonable doubt; facts and circumstances that are only suspicions of guilt will not suffice. State v. Merrill, 203 Ala. 686, 85 So. 28; Fair v. State, 16 Ala. App. 152, 75 So. 828; Harbin v. State, 19 Ala. App. 623, 99 So. 740; Id., 210 Ala. 667, 99 So. 100.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The only insistence of error is that there was not sufficient evidence to sustain the verdict, in that defendant's car was not identified as having been in the possession of the defendant at the time the whisky was found. A sufficient answer to this contention is the testimony of state's witness Brown. He says, in speaking of the car in which the whisky was found: "We first saw Lewis in the car." After testifying that he followed the car immediately, he proceeded:

"It (the car) had nine gallons of whisky in it, two five-gallon jugs in the back seat with his (defendant's) overcoat sorter thrown over

---

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

it. Brown (the deputy) hollered at Lewis (defendant), and he reached up and got his cap and ran."

There were other facts proven tending to connect defendant with the whisky and the car, but the foregoing will suffice to show that appellant's contention on this appeal is untenable. There is no error in the record, and the judgment is affirmed.

Affirmed.